# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TRAFFIC JAM EVENTS, LLC,**

      **Plaintiff,**

-vs-                                                 Case No. 6:09-cv-146-Orl-19GJK

**ANGEL CORTES,**
**CORTES ENTERPRISES, LLC,**
**OVERDRIVE DIRECT MARKETING, INC.,**

      **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Dispositive Motion of Defendant to Dismiss for Failure to State a Claim and Lack of Jurisdiction and Memorandum of Law (Doc. No. 13, filed Feb. 10, 2009); and

2. Memorandum of Plaintiff in Opposition to Motion to Dismiss (Doc. No. 18, filed Feb. 25, 2009).

## Background

Plaintiff Traffic Jam Events, LLC ("Traffic Jam") brought this action against Angel Cortes, Cortes Enterprises, LLC, and Overdrive Direct Marketing, Inc. (collectively "Defendants"), alleging nine causes of action: (1) trademark infringement under 15 U.S.C. § 1125 (2006); (2) breach of contract; (3) misappropriation of trade secrets; (4) conversion; (5) breach of duty of loyalty; (6) trade slander and defamation; (7) misrepresentation; (8) intentional interference with business relations; and (9) a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-213 (2008). (Doc. No. 1 ¶¶ 39-68, filed Jan. 21, 2009.) Traffic Jam's allegations center

around the breakdown of its former business relationship with Angel Cortes and his company, Cortes Enterprises, LLC. (*Id.* ¶ 8.) According to the Complaint, Traffic Jam produces direct mail advertising for automobile dealerships around the country. (*Id.* ¶¶ 6-8.) Cortes worked as an agent for Traffic Jam beginning in March of 2008. (*Id.* ¶ 8.) In this role, Cortes was provided with confidential information, including Traffic Jam's customer list. (*Id.* ¶¶ 9-14.) Eventually, Cortes ceased working for Traffic Jam and began to use its confidential information to solicit business for his newly formed company, Overdrive Direct Marketing, Inc. (*Id.* ¶¶ 15-31.) Some of Cortes' preparation occurred while he was still an agent of Traffic Jam. (*Id.* ¶¶ 20, 23.) Traffic Jam also alleges that it loaned Cortes $20,000 to allow him to avoid foreclosure on his personal home. (*Id.* ¶¶ 32-33.) Cortes has not repaid the money. (*Id.* ¶ 34.)

Defendants move to dismiss Traffic Jam's Complaint with prejudice, arguing that Traffic Jam has not established a basis to make Cortes individually liable, the Complaint lacks certain details necessary to maintain a breach of contract action for the failure to repay a loan, there is no likelihood of confusion from Defendants' use of the "Traffic Jam" name, Traffic Jam's verified allegations are not credible, the customer list either belonged to Cortes' team because they were "independent contractors" or was readily available as public information, FDUTPA claims may be brought only by consumers, and no jurisdiction exists over the state law claims because the federal claim is legally insufficient. (Doc. No. 13 at 4-9.) Traffic Jam contends that Defendants misinterpret the standard for a motion to dismiss in federal court and that all of Defendants' substantive arguments lack legal support. (Doc. No. 18 at 4-14.)

**Analysis**

Traffic Jam is correct that Defendants generally misinterpret the standard for dismissing a pleading in federal court. For instance, a party's "credibility" is not considered at this stage, and there is no requirement to attach certain documents to the complaint or to plead the details of a loan agreement. *E.g.*, *Kovacs v. Nat'l Hebrew Glatt, Inc.*, No. 05-23125-CIV, 2008 WL 4621756, at *2 (S.D. Fla. Oct. 17, 2008) ("[A] motion to dismiss is improper because Mr. Shapiro's arguments require the Court to make credibility findings and impermissibly weigh the evidence."); *U.S. ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) ("The fact that Federal Rule of Civil Procedure 10(c) allows exhibits to be filed with the complaint does not create an affirmative duty to file such an exhibit."). Traffic Jam is also correct that certain statements in Defendants' Motion are simply incoherent, for instance: "The Missing loan maturity date, [sic] may shock the Courts [sic] conscious [sic], since funding occurred on December 18, 2008, supposedly to avoid 'foreclosure status', and the Complaint was filed January 21, 2009, alleging the full loan amount already overdue." (Doc. No. 13 at 5 (punctuation as in original).) Also of note in Defendants' Motion is the dearth of citations to current legal authority. Of the five cases cited in the Motion, the most recent was decided in 1991, and the holdings in the two cases regarding FDUTPA claims brought by non-consumers were superseded by statute in 2001. 2001 Fla. Sess. Law Serv. 2001-39 (West) (replacing the word "consumer" in Fla. Stat. § 501.211(2) with "a person"); *see, e.g.*, *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1146 (M.D. Fla. 2007) (citing *Advanced Prot. Tech., Inc. v. Square D Co.*, 390 F. Supp. 2d 1155, 1164 (M.D. Fla. 2005); *Gritzke v. M.R.A. Holding, LLC*, No. 4:01-cv-495-RH, 2002 WL 32107540, at *4 (N.D. Fla. Mar. 15, 2002)).

However, while Traffic Jam's criticisms are valid, the Complaint itself is no model of clarity. Rather, it falls squarely within the Eleventh Circuit's repeated condemnation of "shotgun pleadings." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008) (explaining that the Eleventh Circuit has, "since 1985[,] . . . explicitly condemned shotgun pleadings upward of fifty times"). Such pleadings typically assert a laundry list of counts, each incorporating the allegations of the previous count and any background information. *Id.* at 980; *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295-96 (11th Cir. 2002); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). In addition, these pleadings often fail to specify which claims are brought against which defendants. *E.g.*, *Magluta*, 256 F.3d at 1284. The result is confusion, both for the defendant in trying to frame a responsive pleading and for the court in trying to determine the scope of the plaintiff's claims. *Davis*, 516 F.3d at 982; *Strategic Income Fund, LLC*, 305 F.3d at 1295 n.10. The Eleventh Circuit has instructed courts to *sua sponte* strike a pleading that falls within this category. *Magluta*, 256 F.3d at 1284-85.

Traffic Jam's Complaint sets out a relatively clear general background section of thirty-eight paragraphs. However, the Complaint then lists nine counts, each incorporating the previous count. (Doc. No. 1 ¶¶ 39-68.) The result is that Count IX actually incorporates sixty-five paragraphs of information, including eight other causes of action. Although incorporation by reference is a common pleading mechanism, *see* Fed. R. Civ. P. 10(b), it causes substantial confusion in this case because, in at least five counts, Traffic Jam provides absolutely no description of what conduct in the incorporated paragraphs constitutes the conduct supporting the cause of action. (*See id.* ¶¶ 53-55, 59-68.) For example, Count VII is entitled "Tort--Misrepresentation," and paragraph 63 explains that the "foregoing misrepresentations" in paragraphs 1 to 62 "have caused monetary

damages to and injured the reputation of Traffic Jam . . . ." (*Id.* ¶ 63.) There is no explanation of who misrepresented what to whom.[1] Further, Paragraph 67 of Count IX declares that the conduct in the previous sixty-six paragraphs "consitute[s] a violation of the FDUTPA," although it is difficult to understand, under the facts alleged, how Cortes' failure to repay a personal loan could violate the FDUTPA. (*Id.* ¶ 67.) The Complaint also fails to specify which counts are brought against which Defendants. This omission is particularly troublesome with respect to Count II, a breach of contract action that is apparently brought against all three Defendants but premised on a personal loan to Cortes. (*Id.* ¶¶ 43-46.)

## Conclusion

Accordingly, the Court **STRIKES** Traffic Jam's Complaint (Doc. No. 1, filed Jan. 21, 2009) with instructions to replead in a manner that complies with the Eleventh Circuit's case law prohibiting shotgun pleading. The Dispositive Motion of Defendant to Dismiss for Failure to State a Claim and Lack of Jurisdiction and Memorandum of Law (Doc. No. 13, filed Feb. 10, 2009) is **DENIED as moot.** Upon the filing of an Amended Complaint, Defendants may file a renewed Motion to Dismiss, if appropriate.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 17, 2009.

---

[1] If the Court were to guess based on the incorporated allegations, it appears that Traffic Jam is attempting to bring a fraud action premised on representations that Cortes made to the third-party automobile dealers. (*See* Doc. No. 1 ¶ 25.) However, the tort of fraud requires the plaintiff to demonstrate that the plaintiff, not third parties, detrimentally relied on the misrepresentations. *Output, Inc. v. Danka Bus. Sys., Inc.*, 991 So. 2d 941, 944 (Fla. 4th DCA 2008); *Hillcrest Pac. Corp v. Yamaura*, 727 So. 2d 1043, 1055 (Fla. 4th DCA 1999).

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record